NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH PARROTT, SR.,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2026-1172

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00912-SSS, Judge Stephen S. Schwartz.

---

**ON MOTION**

---

Before REYNA, BRYSON, and STARK, *Circuit Judges*.

PER CURIAM.

### O R D E R

Joseph Parrott Sr. appeals from the final judgment of the United States Court of Federal Claims dismissing his complaint seeking relief relating to social security disability benefits, supplemental security income (SSI) overpayments, and alleged misconduct by the City of Jacksonville. The United States moves for summary affirmance.  Mr.

Parrott moves to "reopen record and remand for consideration of newly discovered evidence," ECF No. 2-1 at 1, ECF No. 6; "to file unredacted exhibits under seal," ECF No. 5 at 3; for an "order granting notice of agency non-response and authorizing further action," *id.* at 13; and "to recognize protective filing dates," ECF No. 7 at 4.

The Tucker Act, 28 U.S.C. § 1491, grants limited jurisdiction to the Court of Federal Claims over claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government" and "not sounding in tort." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009). Consistent with its "gap-filling role," the Tucker Act does not apply in those circumstances in which Congress has provided "a precisely drawn, detailed statute" that "contains its own judicial remedies." *United States v. Bormes*, 568 U.S. 6, 12–13 (2012). Mr. Parrott's claims here are clearly outside the Tucker Act.

The Court of Federal Claims was clearly correct that it lacks jurisdiction over Mr. Parrott's claims against the City of Jacksonville because that court only has jurisdiction over claims against the United States. *See Sherwood v. United States*, 312 U.S. 584, 591 (1941). The court was also clearly correct that it lacks jurisdiction over Mr. Parrott's social security benefits related claims because exclusive jurisdiction over such claims lies in federal district court. *See* 42 U.S.C. § 405(g); 42 U.S.C. 1383(c); *Marcos v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990).[1] And since

---

[1]    We note that to the extent Mr. Parrott's filings before the trial court could be understood as raising a False Claims Act claim, Dkt. No. 10 at 10, such claim would also belong exclusively in district court. 31 U.S.C. § 3732(a) ("Any action under section 3730 [for civil actions under the False Claims Act] may be brought in any judicial district in

Mr. Parrott's motion to remand is premised only on evidence related to his social security benefits, it would be futile to remand for further consideration.

Having determined that Mr. Parrott's various filings before us provide no cognizable, non-frivolous argument in support of the trial court's jurisdiction, we affirm the judgment of the Court of Federal Claims dismissing his complaint. And do so by summary disposition. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Accordingly,

IT IS ORDERED THAT:

(1) Mr. Parrott's motion to reopen and remand, ECF No. 2, is denied.

(2) ECF No. 5 is granted only to the extent that ECF Nos. 2 and 5 will remain sealed. The motion is otherwise denied.

(3) ECF No. 7 is denied.

(4) The United States's motion, ECF No. 4, is granted. The judgment of the United States Court of Federal Claims is summarily affirmed.

---

which the defendant . . . can be found, resides, [or] transacts business"); *LeBlanc v. United States*, 50 F.3d 1025, 1031 (Fed. Cir. 1995) (holding that such "suits may only be heard in the district courts").

4                                                                    PARROTT v. US

(5)  Each party shall bear its own costs.

FOR THE COURT



Jarrett B. Perlow
Clerk of Court

December 29, 2025
Date